UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Yisacher Feldberg, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>  -v.-<br><br>Lacy Katzen, LLP,<br><br>Provest LLC,<br><br>          Defendants. | Case. No.: 1:21-cv-6130<br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Yisacher Feldberg ("Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendants Lacy Katzen, LLP ("Katzen") and Provest LLC ("Provest"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices

are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* at § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred and where Plaintiff resides.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Kings.

8. Defendant Katzen is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) and used in the FDCPA.

9. Katzen has an address for service at 600 Bausch & Lomb Place, Rochester, NY, 14604.

10. Defendant Katzen is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is the practice of law to attempt to collect debts alleged to be due itself or another.

11. Defendant Provest is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) and used in the FDCPA.

12. Provest is located at 320 Carleton Avenue, Ste. 2600, Central Islip, NY 11722.

13. Defendant Provest is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

## CLASS ALLEGATIONS

14. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

15. The Class consists of:

    a. all individuals with addresses in the State of New York;

    b. against whom Katzen filed at least one collection lawsuit attempting to collect a consumer debt;

    c. for which Provest was used for service of process;

    d. whereby an affidavit of service was provided;

    e. Which suit was filed on or after a date one year prior to the filing of this action and on or before a date twenty-one days after the filing of this action.

16. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

17. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

18. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' lawsuits against consumers, similar in the form to that attached as Exhibit A, violate 15 U.S.C. §§ 1692d, 1692e and 1692f.

19. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

20. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. §§ 1692d, 1692e and 1692f.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

21.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

23. Plaintiff repeats the above allegations as if set forth herein.

24. At a time prior to any of the events at issue, Plaintiff allegedly incurred two private student loan obligations to non-party National City Bank, Cleveland, Ohio, now allegedly known as PNC Financial Services Group, Inc. ("PNC") to attend Fordham University ("Fordham").

25. The obligations arose out of transactions involving a debt in which money, property, insurance or services, which are the subject of the transaction(s), were incurred solely for personal purposes, specifically personal student loans.

26. The alleged PNC obligations are each considered a "debt" as defined by 15 U.S.C.§ 1692a (5).

27. PNC is a "creditor" as defined by 15 U.S.C. § 1692a (4).

28. Upon information and belief, PNC assigned the PNC debt to Access Group.

29. Access Group is the current "creditor" as defined by 15 U.S.C. § 1692a (4).

30. Upon information and belief, Access retained Defendant Katzen to collect the alleged debt.

31. Defendant Katzen is a "debt collector," as defined by 15 U.S.C. § 1692a (6).

32. Upon information and belief, Defendant Katzen contracted with Defendant Provest to serve process upon Plaintiff in the collection lawsuits described below.

33. Defendant Provest is a "debt collector," as defined by 15 U.S.C. § 1692a (6).

34. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

35. Defendant Katzen has policies and procedures in place that govern Defendant Provest's debt collection practices, specifically with regard to collecting the subject debts, thereby evidencing Defendant Katzen's control over Defendant Provest's collection practices.

36. By virtue of the relationship between the two Defendants, Defendant Katzen exercised control over Defendant Provest while the latter was engaged in collecting the subject debt on behalf of the former.

37. Therefore, Defendant Katzen should be held vicariously liable for any and all violations committed by Defendant Provest.

<em><u>Violations – Collections Lawsuits</u></em>

38. On or about September 23, 2021, Defendants Access and Katzen filed two separate collections lawsuits in New York State Supreme Court, County of Kings against Plaintiff to collect the alleged debts ("Collections Suits"). *See* the Summons and Complaint in the Collections Suit, filed with Index number 524110/2021 as Exhibit A. *See* the Summons and Complaint in the Collections Suit, filed under Index number 524112/2021 as Exhibit B.

39. Defendants Access and Katzen filed affidavits of service for each of the two lawsuits. See affidavit for Index number 524110/2021 as Exhibit C. See affidavit for Index number 524112/2021 as Exhibit D.

40. Plaintiff was never served with process in either of the Collections Suits.

41. Plaintiff only became aware that there was a lawsuit filed when he received letters from attorneys advertising their services to represent him in defending against the Collections Suit.

42. However, Defendants filed affidavits of service in each of the Collections Suits.

43. The affidavits of service for both Collections Suits are signed and sworn to by Husam Naser, a server working for Provest.

44. In each of the affidavits, Mr. Naser swears and deposes that he served Plaintiff on October 5, 2021 at 12:50 p.m. at Plaintiff's home address in Brooklyn, New York.

45. Mr. Naser further states that he served Plaintiff personally and that Plaintiff identified himself as such.

46. A description is provided, listing Plaintiff's age, skin tone, gender, weight, height and hair.

47. The details of Plaintiff are consistent between the two affidavits, aside from the weight.

48. In the affidavit associated with Index number 524110/2021 the Plaintiff is described as 171-190 pounds (See Exhibit C), while in the affidavit associated with Index number 524112/2021 the Plaintiff is described as 161-200 pounds (See Exhibit D).

49. The affidavits both claim that Mr. Naser asked Plaintiff whether he was in active military service in any capacity, for both of which Mr. Naser received a negative reply.

50. However, Plaintiff never received service of process for these lawsuits, never spoke to Mr. Naser at any time, nor did Plaintiff speak to any other process server working for Provest.

51. Instead, Plaintiff was at work on October 5, 2021.

52. Plaintiff works at 2362 Nostrand Avenue, fourth floor, Brooklyn, New York.

53. Furthermore, from the hours of 12:00 p.m. to 2:00 p.m., Plaintiff was continuously involved in a business meeting at his office with four other individuals.

54. The affidavits of service are both fabrications.

55. Such service is a nullity and no personal jurisdiction is obtained.

56. Defendants maliciously procured this false service.

57. Defendants' actions were harassing, abusive, oppressive, false, deceptive, misleading, and unfair in its attempt to coerce Plaintiff to pay the alleged debt.

58. Plaintiff was therefore unable to evaluate his options of how to handle the subject debts.

59. Plaintiff would have pursued a different course of action were it not for Defendants' violations.

60. Because of Defendants' actions, Plaintiff expended time, money, and effort in determining the proper course of action.

61. In addition, Plaintiff suffered emotional harm due to Defendants' improper acts.

62. These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

63. Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

64. Defendants' deceptive, misleading and unfair representations with respect to their collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

65. Plaintiff was confused and misled to his detriment by the statements in the dunning letters, and relied on the contents of the letters to his detriment.

66. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

67. As it relates to this case, Congress identified concrete and particularized harms with close common-law analogues to the traditional torts of fraud and harassment.

68. Plaintiff has a right not be subject to collections actions that are deceptive and harassing.

69. As a result of Defendants' deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692d *et seq.*

70. Plaintiff repeats the above allegations as if set forth here.

71. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

72. Pursuant to 15 U.S.C. § 1692d a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

73. Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

74. Defendants violated said section as described above.

75. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

76. Plaintiff repeats the above allegations as if set forth here.

77. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

78. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

79. As described above, Defendants violated said section by falsely, deceptively and/or misleadingly collecting a debt in violation of §§ 1692e, 1692e (2), 1692e (4), 1692e (5), and 1692e (10).

80. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

81. Plaintiff repeats the above allegations as if set forth here.

82. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

83. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

84. Defendants violated this section by unfairly collecting the alleged debt as described above.

85. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

86. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, demands judgment from Defendants as follows:

i. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

ii. Awarding Plaintiff and the Class statutory damages;

iii. Awarding Plaintiff and the Class actual damages;

iv. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

v. Awarding pre-judgment interest and post-judgment interest; and

vi. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: November 3, 2021

Respectfully submitted,

**Stein Saks PLLC**

s/ Tamir Saland
By: Tamir Saland, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501
TSaland@SteinSaksLegal.com

*Attorneys for Plaintiff*